HORSMAN DOLLS, INC., PROSECUTOR, v. STATE OF NEW JERSEY UNEMPLOYMENT COMPENSATION COMMISSION ET AL., DEFENDANTS.

Argued January 16, 1945—Decided April 13, 1945.

Before Justices PARKER and COLIE.

For the prosecutor, *Samuel Kaufman.*

For the defendants, *Herman D. Ringle.*

The opinion of the court was delivered by

PARKER, J.  The writ brings up for review "a certain order" rendered on July 14th, 1944, by the Unemployment Compensation Commission of the State of New Jersey in relation to the matter entitled "In the Matter of Horsman Dolls, Inc., then pending before William C. Nowels, Referee of the State of New Jersey Unemployment Compensation Commission."  The reasons filed are twenty-four in number but need not be reproduced at length.  The history of the case shortly stated is, that the Compensation Commission, in the execution of its duties under the statute (*Pamph. L.* 1936, *ch.* 270; *R. S.* 43:21), established a contribution rate for the prosecutor corporation for 1942.  Prosecutor protested the rate and applied for a hearing in the usual manner, and the Commission, pursuant to its own regulations, sent the matter to a "referee."  The statute does not seem to provide for a "referee" by that name, but does provide for a "salaried examiner:" and the power to make such appointment is not the subject of any attack here.  The question for decision

seems to be whether in cases like the present one, a reference to the referee is irrevocable. We answer it in the affirmative. For the defendants, reference is made to the Commission's "Regulations and Rules relating to Referee and Commission Hearings" which contains this sentence: "The Executive Director or the Commission may remove to himself or itself for determination, any proceeding before a Referee." The question then arises, whether the statute has endowed the Commission with power to make that regulation. We answer it in the negative. If such power exist it must be derived from *R. S.* 43:21-6 (e), a paragraph too long to be reproduced here at length, which empowers the board of review to remove to itself * * * the proceedings on any *claim* (italics ours) pending before an appeal tribunal. But we think that clearly this language, and indeed the whole of paragraph 6 (e) refer only to claims for benefits filed by employees and have no application to the fixation of contribution rates for employers. The order under review will therefore be set aside, but without costs, the defendant Commission being a state agency, and the individual defendants being the members of the Commission. *Tenement House Board* v. *Schlechter,* 83 *N. J. L.* 88; *Rayner* v. *Benjamin,* 88 *Id.* 83, 86; *Manufacturers Land Co.* v. *Board,* 98 *Id.* 638; *Kearny* v. *State Board,* 103 *Id.* 541.